UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shad William Adams, | ) C/A No. 3:06-2421-RBH-JRM |
|                 Plaintiff, | ) |
| v. | ) REPORT |
| | ) AND |
| | ) RECOMMENDATION |
| Nurse Joyce Kirk, of Greenwood County Detention Center Medical Staff c/o Southeastern Service Group Inc., | ) |
|                 Defendant. | ) |

The plaintiff, proceeding *pro se*, files this civil rights action pursuant to 42 U.S.C. §1983. He is incarcerated at Greenwood County Detention Center. In his complaint, the plaintiff alleges that the defendant has denied him access to medical treatment, and he requests monetary damages and injunctive relief.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), and hold them to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, this *pro se* complaint is subject to summary dismissal.

The plaintiff has filed this action pursuant to 42 U.S.C. § 1983. Because the plaintiff is a prisoner, 42 U.S.C. § 1997e(a) is applicable to his civil rights action. Title 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that under 42 U.S.C. § 1997e(a), an inmate must exhaust administrative remedies regardless of the form of relief sought, so that an inmate seeking money damages must exhaust administrative processes available even if the remedy sought, money damages, cannot be awarded in the process. *Booth v. Churner*, 532 U.S. 731 (2001). Even more recently, the United States Supreme Court held "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516 (2002). In *Porter*, the Court makes it clear that the PLRA's exhaustion requirement applies to all prisoner suits concerning prison life, and "resort to a prison grievance process must precede resort to a court." *Id.* at 534.

The plaintiff has not exhausted the administrative remedies available to him as required by § 1997e(a). In his complaint, the plaintiff states that the Greenwood County Detention Center has a grievance process for prisoners. The plaintiff further admits that he filed grievances with the Greenwood County Detention Center on August 14, 2006 and August 20, 2006. The plaintiff acknowledges that he has not received a final determination of his grievances. The plaintiff filed this complaint on August 29, 2006. Given the short period of time between the filing of the grievances and the filing of this complaint, the plaintiff has not allowed sufficient time for the administrative grievance process of the Greenwood County Detention Center to be completed.

It is apparent from the face of this complaint, as stated by the plaintiff, that the Greenwood County Detention Center has a grievance process, grievances have been filed and a final decision has not been rendered.[*] Therefore, plaintiff has failed to exhaust the administrative remedies available to him as required by 42 U.S.C. § 1997e(a). As a result, he is precluded from bringing this 42 U.S.C. § 1983 action. The plaintiff's complaint should be dismissed *without prejudice* for failure to exhaust administrative remedies, allowing the plaintiff the opportunity to file a new suit after exhaustion requirements are met.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319 ; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

                   Respectfully submitted,

September 1, 2006           s/Joseph R. McCrorey
Columbia, South Carolina        United States Magistrate Judge

**The plaintiff's attention is directed to the notice on the following page.**

---

[*]*In Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674 (4th Cir. 2005), the United States Court of Appeals for the Fourth Circuit held that an inmate's failure to exhaust administrative remedies is an affirmative defense, however that "does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint . . . ." Id. at 683. The availability of objecting to this Report allows the plaintiff an opportunity to respond to the exhaustion issue prior to any dismissal of the complaint.

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**